**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Pernice f/k/a Raquel Frugone,<br><br>                              Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston; IQVIA, Inc. Long Term Disability Benefit Plan,<br><br>                              Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Raquel Pernice, formerly known as Raquel Frugone ("Raquel"), alleges as follows:

## JURISDICTION AND VENUE

1.      Raquel is a resident of Maricopa County, Arizona.

2.      Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Indiana with its corporate headquarters in Hartford, Connecticut. Lincoln is authorized to do business in Maricopa County, Arizona.

3.      Lincoln Life Assurance Company of Boston acquired Liberty Life Assurance Company of Boston ("Liberty") on May 1, 2018.

4.      Lincoln Life Assurance Company of Boston no longer exists and has been merged into The Lincoln National Life Insurance Company.

5.     Defendant IQVIA, Inc. Long Term Disability Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by IQVIA, Inc. ("IQVIA") for the benefit of its employees. It provides long-term disability benefits ("LTD").

6.     This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and IQVIA have caused events to occur in Arizona, out of which Raquel's claims arise.

7.     This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

8.     Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9.     IQVIA provided certain employees with LTD benefits under the Plan.

10.     Beginning on January 1, 2018, Lincoln provided LTD benefits to IQVIA employees through an insurance policy, No. GF3-850-292043-01 ("Policy"). The Policy renews annually on January 1.

11.     IQVIA is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

12.     Lincoln is the Claim Administrator and is also a Plan Fiduciary.

13.     The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

14.     Lincoln determines who receives benefits and pays those benefits.

15.     Lincoln paid Raquel for nearly 10 months of benefits during her own occupation period.

-2-

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ◆ (602) 266-2667

16. An employee is disabled during the Own Occupation period when she is unable to perform the material and substantial duties of her own occupation due to injury or sickness.

17. "Own Occupation" means the occupation she performed when her disability began, as it is normally performed in the national economy.

18. "Material and Substantial Duties" refers to those duties that are normally required for the performance of her regular occupation and cannot be reasonably eliminated or modified.

19. After 24 months of payments, an employee is disabled when Lincoln determines she cannot perform, with reasonable continuity, the material and substantial duties of any occupation she is or becomes reasonably fitted by training, education, experience, age, and physical and mental capacity.

20. The Policy contains discretionary language indicating that Lincoln grants itself discretion.

21. The Policy does not evidence that the Plan Administrator possesses discretion or the ability to delegate discretion.

22. Even if the Plan reserved discretion, there is no evidence that the Plan conferred discretion on Lincoln.

23. Without proper evidence of a discretion grant from IQVIA, Inc. Long Term Disability Benefit Plan to Lincoln, this claim should be reviewed *de novo*.

24. If the Court deems that abuse of discretion review is the standard of review, Lincoln's decision should reviewed with heightened skepticism.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

25. Raquel incorporates and realleges all previous allegations.

26. At all relevant times, Raquel was employed by IQVIA, became a covered individual under the Plan and the Policy, and remained continuously employed until her

disability rendered her unable to work in her regular occupation as a Manager, Nurse Advisors on July 22, 2021.

27.     Raquel timely submitted a claim for LTD benefits.

28.     Raquel claimed disability for Multiple Sclerosis, long-haul COVID, and injuries from a motor vehicle accident.

29.     Lincoln paid Raquel's own occupation benefits from January 20, 2022, to November 4, 2022.

30.     During this time, Lincoln concluded that Raquel could not perform her own occupation.

31.     Lincoln, however, improperly characterized Raquel's occupation as sedentary.

32.     Raquel remains unable to perform the material duties of her occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Regularly travel for work and work variable hours due to daily fatigue that is exacerbated by triggers such as travel, heat, lack of sleep, and schedule changes;
- Consistently perform work activities with unpredictable flare-ups resulting from Multiple Sclerosis.

33.     Raquel cannot perform, with reasonable continuity, the material and substantial duties of any occupation that she is or becomes reasonably fit for by training, education, experience, age, and physical and mental capacity.

34.     Lincoln closed Raquel's claim, indicating that benefits were not payable beyond November 4, 2022.

35.     Raquel timely submitted her appeal on January 5, 2024.

36.     Lincoln issued its final denial on June 7, 2024, and notified Raquel that it would take no further action.

37.     Raquel provided proof of her debilitating medical conditions. In addition, Raquel provided Lincoln with numerous completed attending physician statements and

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

-4-

extensive medical records that support her disability, dating back to November 2012. Raquel became disabled on July 22, 2021, and remains unable to perform the material and substantial duties of her regular or any occupation.

38. Raquel has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

39. Lincoln's denial of Raquel's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Lincoln's conflict includes, but is not limited to:

a) Concluding that Raquel was able to return to her occupation despite her ongoing symptoms associated with several conditions, including Multiple Sclerosis.

b) Relying on the opinions of non-treating providers who disregarded and downplayed Raquel's complaints.

c) Relying on the opinions of non-treating physicians who have not examined Raquel.

d) Relying on a vocational analysis that relied only on the opinion of a non-treating physician who neither considered the limitations placed on Raquel by her treating physicians nor triggers for Raquel's Multiple Sclerosis.

e) Misconstruing and oversimplifying the demands of Raquel's occupation.

f) Disregarding the travel requirements and accompanying variability in the work schedule of Raquel's occupation, Lincoln alleges that Raquel can consistently perform.

g) Concluding Raquel was able to work a 40-hour work week, given her Multiple Sclerosis, without considering whether she can perform any occupation reliably and consistently due to the progressive nature of her disease and the high frequency of triggers that exacerbate it.

h) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ◆ (602) 266-2667

-5-

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

40.     Raquel is entitled to 60% of her Basic Monthly Earnings, $7,160.51, from July 22, 2021, until she reaches her Social Security Normal Retirement Age of 67.

41.     Under the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Raquel is entitled to recover all benefits due under the terms of the Plan and to enforce her rights under the terms of the Plan.

42.     Raquel is entitled to recover her attorneys' fees and costs incurred herein from the Plan and Lincoln under 29 U.S.C. § 1132(g).

43.     Raquel is entitled to prejudgment interest at the highest legal rate on the benefits she is entitled to according to A.R.S. § 20-462.

WHEREFORE, Raquel prays for entry of judgment against Defendants as follows:

A.     For all past benefits due Raquel under the terms of the Plan;

B.     For an award of Raquel's attorneys' fees and costs incurred;

C.     For an award of prejudgment interest on Raquel's benefits and damages at the highest legal rate until paid; and

D.     For such other and further relief as the Court deems just and reasonable.

Dated this 2nd 2nd day of August August 2024.

SCHIFFMAN LAW OFFICE, P.C.


By: /s/ Lisa J. Counters
        Lisa J. Counters